The People ex rel. Adaline Bristol et al., Appellants, *v.*
Asher P. Nichols et al., Respondents.

An application to commissioners of highways to discontinue a road by
persons liable to be assessed for highway labor is not necessary in order
to confer jurisdiction upon them; they have the power to discontinue
upon their own motion without any application (1 R. S., 513, § 55); a
defective application therefore does not invalidate proceedings for that
purpose.

Any portion of a road which is useless is a road for all the pur-
poses of exercising authority for its discontinuance, and may be dis-
continued without affecting the residue; and commissioners as well as
referees appointed under the act of 1847 (chap. 455, Laws of 1847) have
the right to leave the road abutting upon private property.

A refusal of referees to discontinue a road is no bar to new proceedings
within four years for that purpose; such a decision is not one for "laying
out, altering or discontinuing a road," and is not included in section 9 of
said act. Upon the hearing before referees upon appeal from an order of
commissioners discontinuing a highway, the burden of proof is upon the
respondent to show that the road discontinued is useless and unneces-
sary, not upon the appellant to show its usefulness and necessity; if the
evidence, however, is sufficient fairly to raise the question, a decision of
the referees affirming that of the commissioners is conclusive.

(Argued September 25, 1872; decided January term, 1873.)

Appeal from judgment of the General Term of the
Supreme Court in the eighth judicial district, affirming, upon
*certiorari*, the decision of the respondents, as referees
appointed by the county judge of the county of Erie, upon
appeal from an order of the commissioners of highways of
the town of Hamburgh, in that county, discontinuing a high-
way in that town.

From the return made by the respondents to the writ of
*certiorari* it appeared that in September, 1867, six persons,
representing themselves as "taxable inhabitants" of the town
of Hamburgh, and acquainted with a certain highway therein
described by them, applied to the commissioners of highways
of that town to discontinue a specified portion of the same,
upon the ground that such portion had become useless and
unnecessary. This application was followed by the certificate

of twelve freeholders of the town, liable to be assessed for highway labor therein, summoned by the commissioner of highways thereof, stating that they had personally examined the road and had heard the proofs offered before them, and that in their opinion that portion of the road (describing it) was useless and unnecessary, and ought to be discontinued. This certificate was followed by an order of the commissioner of highways discontinuing that portion of the highway described. This order was the subject of appeal; and upon the hearing of the appeal, instead of waiting for affirmative evidence that so much of the whole road as had by the order been discontinued had become unnecessary, the appellants proceeded to establish it to be useful and a public necessity, and proved that the road discontinued was a part of an ancient road known as the Bristol road, passing through a farm known as the Bristol farm, and connecting with other roads north and south of it. Other facts proved appear in the opinion.

It also appeared that the portion of the road discontinued by the order appealed from had been before discontinued, and that, upon an appeal from the order for its discontinuance, the order was in December, 1855, reversed. Upon this state of facts, the referees affirmed the order appealed from, one of their number dissenting.

*John C. Strong* for the appellants. In laying out highways the commissioners and judges before whom the matter is brought exercise special and limited jurisdiction. (3 Hill, 458; 6 Barb., 607.) To give the commissioners jurisdiction the application must be made in writing by a person liable to be assessed for highway labor. (1 R. S. [4th ed.], 1041, 1033; 12 Wend., 390, 391; *Harrington* v. *People*, 6 Barb., 90.; 26 How. Pr., 90.) The power of commissioners to discontinue a road is limited to such as have become useless and unnecessary, or are proved so on the trial. (6 Barb., 607; 5 Hill, 168; 5 Wend., 158; 6 id., 452 note *a*; *People ex rel. Lyon* v. *Pike*, 18 How. Pr., 70.) Neither the intention to dedicate land for the purpose of a street, nor the use by the public as such,

472     People ex rel. Bristol et al. *v.* Nichols et al.   [Jan.,

Opinion of the Commission, per Gray, C.

can make a highway, or confer any of the rights of a highway on the public. (*Holdane* v. *Trustees Village of Cold Spring*, 23 Barb., 103; aff'd, 21 N. Y., 474; *Bissell* v. *N. Y. C. R. R. Co.*, 26 Barb., 634; 37 id., 50; 3 B. & A., 454; 3 Bing., 447; *Hickok* v. *Trustees Village of Plattsburgh*, 41 Barb., 130.)

*Perry G. Parker* for the respondents. The decision of the referees, or any two of them, is conclusive. (2 R. S. [5th ed.], 404, § 127.) The return to the writ shows that all the proceedings were regular. (2 R. S. [5th ed.], 394–406; *People* v. *Van Alstyne*, 32 Barb., 131; *People* v. *Goodwin*, 5 N. Y., 568; *In re Woodbine Street*, 17 Abb., 112.) Any irregularity in the proceedings prior to the decision of the referees cannot be considered in this case. (*Com., etc., Warwick* v. *Judges Orange Co.*, 13 Wend., 422.) The referees may reverse or affirm, in whole or in part, the order of the commissioner on the merits, and make such order as they think the commissioner should have made. (*People* v. *Baker*, 19 Barb., 240; *People* v. *Ferris*, 41 id., 121; *People* v. *Allbright*, 23 How., 306; *People* v. *Com. Highways Cherry Valley*, 8 N. Y., 476.) The former decision of the referees was no bar to these proceedings. (2 R. S., 404, § 128.) The referees are authorized to lay out, alter or discontinue, in whole or in part, any road, and direct the commissioner of highways to carry out such decision. (2 R. S. [5th ed.], 404, § 128.) In this State and country a *cul de sac* is a highway. (*Wiggins* v. *Tallmange*, 11 Barb., 457; *Holdane* v. *Trustees Cold Spring*, 23 id., 103; S. C., 21 N. Y., 474; *People* v. *Hingman*, 24 N. Y., 559; *Hickok* v. *Trustees Plattsburgh*, 41 Barb., 130; *Bateman* v. *Bluck*, 14 L. & Eq., 69; *People* v. *Van Alstyne*, 3 Keyes, 35.) The decision of the referees was upon the facts and is right upon the merits. (*People* v. *Goodwin*, 5 N. Y., 568.)

Gray, C. Several questions are raised by the counsel for the appellant, each of which he regards as involved in this case, and respectively of such merits as entitle his clients to

a reversal of the judgment appealed from, each of which I will consider in its order.   The first is that no jurisdiction was conferred upon the commissioner of highways to act in the premises.   The application, instead of being made, in the language of the statute, by persons "liable to be assessed for highway labor" in the town, was by the "taxable inhabitants" thereof.   Without regard to the question whether the words "taxable inhabitants," substituted for the words "persons liable to be assessed for highway labor," vitiated the application, a sufficient answer to the question raised is that an application to the commissioner by persons liable to be assessed for highway labor in the town to discontinue the road was not necessary to the right of the commissioner to discontinue it.   (*The People* v. *The Supervisors of Richmond*, 20 N. Y., 252, 255.)   The next is that the authority conferred by statute to discontinue a road does not authorize the discontinuance of a part of it.   If this view of the statute is sound, there is no possible way to get rid of any short space of a long road laid out in the early settlement of the country adapted to the public necessities existing at the time, however useless the space may have become by the changed condition and contiguous improvements, however important and useful the other portion of the road may continue to be, all but the inconsiderable space could not be discontinued because it is of conceded public use and necessity; and if the construction insisted upon be sound, the useless space, which may have become a public grievance, cannot be gotten rid of. Every part of a road clearly useless is a road for all the purposes of exercising authority for its discontinuance; and the right to have one end of the road bounded by private property was within the power as well of the commissioner as of the referees.   (*The People* v. *Kingman*, 24 N. Y., 559, 565, *et seq.*)   It was objected that the reversal, within four years, by former referees, of an order discontinuting this same road, discontinued in the order appealed from, was, until the expiration of the four years from the reversal, a bar to a new proceeding for its discontinuance.   To this objection

the answer is that the decision of the former referees was not for "laying out, altering or discontinuing" a highway (Laws, 1847, chap. 455, § 9); but, rather, an order refusing to discontinue a highway. If, therefore, the evidence before the referees was sufficient to fairly raise the question whether that portion of the road embraced in the order of discontinuance had become unnecessary for public use, the decision of the referees, affirming that of the commissioner, is conclusive (2 R. S., 5th ed., 404, § 127), and cannot be reviewed upon certiorari. Upon the hearing before the referees the parties seem to have proceeded upon the erroneous theory that the burden lay upon the appellants to prove that the road, embraced in the order appealed from, continued to be useful to the public and necessary for its accommodation, and not upon the respondent to prove that it had become useless and unnecessary, and ought, therefore, to be discontinued; and, hence, the appellants took upon themselves the initiative and produced witnesses, by whom they proved the road to have been laid out and in use near forty years, and that the part embraced in the order had continued to be used by the public, though to a less extent than it had been before a mill upon it was burned, and before the plank-road south of it was constructed; that several parcels of the old Bristol farm, then owned by several different owners, each parcel of which was bounded by the road; one having been built upon would be inaccessible by any road except the one ordered to be discontinued. There was no other north and south road in that vicinity, except a plank-road, the north end of which was thirty-six rods west of it, and from the road running northerly from the north end of the Bristol farm; and the south end eighty rods west of the southern termination of the Bristol road; so that any one desiring to travel from the point at which that part of the road ordered to be discontinued commences to the old road running northerly from the Bristol farm, he would be compelled, in order to reach that road, to travel over 470 rods instead of 138 rods by that part of the road ordered to be discontinued; and any one

desiring to travel from the old road north of the Bristol farm to the southern termination of the Bristol road, or from any point east of the southern termination of that road to the old road, he would be compelled (if the road embraced in the order should be finally discontinued) to travel a distance of 116 rods greater than by the road embraced in the order appealed from.   I cannot account for the affirmation of the order appealed from, except upon the erroneous theory that the certificate of the freeholders and the order of the commissioner established a *prima facie* case which, if not overthrown by adverse proof, established the uselessness of the road to supply the necessities of the traveling public.   It may be, as the counsel for the respondent asserted, that the road "had been used so little than a wagon track could scarcely be seen" upon it; but the return made by the referees of the proceedings before them does not show it to be so.   The evidence shows it to be less useful than before a mill upon it was burned and the plank-road constructed; but it does not, in my judgment, come up to the standard of *prima facie* proof that the road had become so useless that the necessities of the public did not require its continuance.   My brethren, however, are of opinion that the evidence warranted the conclusion that the plank-road and the one described in the order were not, under the circumstances, both necessary for public use, and that the probable outlay necessary to keep the road, embraced in the order, including the bridges upon it, in repair, rendered it quite proper that it should be discontinued; and, hence, that the order appealed from should be affirmed.

All concur.

Judgment affirmed.